WHITE, J.,
delivered the opinion of the Court :
The petitioner was indicted, tried, and sentenced to undergo a confinement in the Penitentiary, for feloniously stabbing a certain Eittleburg, Young. The section under which this conviction took place, says, “Whosoever shall unlawfully stab, &c. with intention to maitnj disfigure, disable or kill, &c. every such offender, being free,” is declared to be *258 guilty of felony, &c. The Indictment in this Case does not aver, or set forth in any way, that the said Peter Young is free, and the Writ of Error is applied for on account of this supposed defect.
Several authorities, (a) have been introduced to shew that where any description of this kind is contained in the enacting clause which creates an offence, that it is error to omit that description. But, a little consideration of those cases will discover that the doctrine applies only to those cases where the description enters into and makes a part of the crime, or is necessary to complete it. Thus, a late Act of Assembly makes it felony for certain officers to embezzle certain monies which may come-to their possession. Here *the office is of the very essence of the crime, without which the offence would remain, as at Common Law, a mere, breach of trust. An Indictment, therefore, under that Act, must shew that the accused held an office which would bring him within the Act. But, in this case, the words omitted does not enter into the offence, nor constitute any part of it; for, whether the party be bond or free, it is equally a felony. The word “free,” is introduced merely to shew the Court in which he is to be tried, and the mode of punishment. It does not, even in those respects, introduce any. new principles, but only refers to such’as -Were already established.
This question has been already settled by this Court, at a former Term, in the Case of Bennett v. The Commonwealth, ante, p. 235.

 See 1 Chitty’s Or. Law, 190, 283,286; also, Hawk. Book 2, ch. 25, § 111, 112; and Rex v. Robert Palmer, 1 Leacb, 102!